IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | |
| ) | 1:09cr414 (JCC) |
| Marvin Wayne Williams, Jr., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Wigenton's Motion to Suppress Out-of-Court Confessions Made by Co-defendants and Motion to Sever; Defendant Anderson's Motion to Sever and to Adopt and Conform Defendant Wigenton's motions; and Defendant Williams's Motion for Relief from Prejudicial Joinder.  For the following reasons, the Court will grant the Motion to Suppress.

**I. Background**

On December 10, 2009, a grand jury sitting in the Eastern District of Virginia returned a three-count indictment against Marvin Wayne Williams, Jr. (a/k/a "Lil' Wayne"), Freddie Wigenton (a/k/k "Lil' D"), and Deshawn Anderson (a/k/a "Buddha") (collectively, "Defendants").  [Dkt. 4.]  Count 1 charged the defendants with violating 21 U.S.C. § 841(a)(1) and 846

1

(conspiracy to distribute crack cocaine), Count 2 charged the defendants with violating 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 (intentional killing while engaged in drug trafficking), and Count 3 charged the defendants with violating 18 U.S.C. § 924(c)(1)(A) and (j), and (2) (use of a firearm during a drug offense relating in death).  Joint trial is set for November 1, 2010.

Defendants allegedly shot Kyle Turner on the belief that Turner stole money and narcotics from their stash-house on December 9, 2009.  Defendants allegedly made statements to several witnesses incriminating both themselves and their co-defendants.[1]  Defendant Wigenton moved to suppress any such statements on August 2, 2010. [Dkt. 23.]  Defendant Williams moved for severance from Defendant Anderson on August 4, 2010. [Dkt. 26.]  Defendant Wigenton also moved for severance from both his co-defendants on August 16, 2010.  [Dkt. 29.]  The Government opposed these motions on August 3, 2010 [Dkt. 25] and August 9, 2010, respectively [Dkt. 27].  Defendant Anderson moved for severance from his co-defendants on September 3, 2010 [Dkt. 38], and moved to adopt and conform Defendant Wigenton's motions to exclude co-conspirator hearsay statements and to suppress out of court co-defendant statements on September 3,

---

[1] The Court takes notice that, at the September 17, 2010 hearing, the Government stated that it intends to offer statements from each defendant implicating the other two defendants.

2

2010 [Dkt. 39].  The Government opposed these motions on September 9, 2010.  [Dkt. 40.]

The Court heard argument on these issues on September 10, 2010, at which hearing the Government submitted that it had discovered additional case law related to the *Bruton* issue about which it wished to brief the Court.  The Government filed its supplemental reply brief in opposition to Defendants' *Bruton* motions on September 14, 2010.  [Dkt. 46.]  Defendant Anderson filed a supplementary motion to sever on September 14, 2010.  [Dkt. 48.]  Defendant Williams filed a response to the Government's supplemental *Bruton* motion on September 16, 2010.  [Dkt. 50.]  At the September 17, 2010, hearing, the remaining Defendants moved to adopt and conform to Defendant Williams's response.

The Government's motion regarding the *Bruton* issue is before the Court.

## II. Analysis

*Bruton v. United States*, 391 U.S. 123, 135-36 (1968), held that admission of a non-testifying co-defendant's incriminating statement violates a defendant's Sixth Amendment confrontation rights.  *Bruton's* language left some question as to whether its holding applied only to "confessions" (*i.e.*, statements to law enforcement officers) or to all incriminating statements.  This Circuit explicitly held the latter.  In *United*

*States v. Truslow*, 530 F.2d 257, 263 (4th Cir. 1975), Truslow's co-defendant, Davidson, made incriminating statements to an *acquaintance* regarding a murder ordered by Truslow. *Id.* at 259. Responding to Truslow's *Bruton* objection, the Government argued, *inter alia*, against applying *Bruton* because *Bruton* involved a confession to law enforcement officers. *Id.* at 263. The Court rejected this distinction and found *Bruton* implicated by the acquaintance's statement. *Id. Truslow* thus announced the rule, in this Circuit, that *Bruton* could apply to any out-of-court *statements*, as opposed to just out-of-court *confessions*. *See id.*

Years later, the Supreme Court decided *Crawford v. Washington*, 541 U.S. 36 (2004), holding that the Confrontation Clause bars the admission of an out-of-court "testimonial" statement against a criminal defendant unless the defendant is unavailable and had a prior opportunity to cross-examine the declarant. *Id.* at 53-54. *Crawford* did not fully define the term "testimonial"; it simply provided accepted examples of testimonial statements, such as *ex parte* in-court testimony (*e.g.*, affidavits, custodial examinations, prior testimony, pretrial statements), and it generally defined the term as including statements "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 51-52.

Recalling that *Bruton* is a Confrontation Clause case, the Government argues that *Bruton*, like the Confrontation Clause, is limited by *Crawford* to testimonial statements. The Government is in good company. *See United States v. Dale*, No. 08-3172, 2010 WL 2977410, at *9 (8th Cir. July 30, 2010) (defendant's statements to prisoner were not testimonial and therefore did not violate co-defendant's Confrontation Clause rights); *United States v. Castro-Davis*, 612 F.3d 53, 65 (1st Cir. 2010) (finding defendant's recorded telephone statements to his mother non-testimonial); *United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) ("[T]he *Bruton* rule, like the Confrontation Clause on which it is premised, does not apply to nontestimonial hearsay statements."); *United States v. Johnson*, 581 F.3d 320, 326 (6th Cir. 2009) (same); *United States v. Pike*, 292 F. App'x 108, 112 (2d Cir. 2008) ("[B]ecause the statement was not testimonial, its admission does not violate either *Crawford* or *Bruton*."). If correct, this argument would bar the statements at issue in this case, because, having allegedly been made by Defendants to fellow prisoners, they are not testimonial. *See Davis v. Washington*, 547 U.S. 813, 825 (2006) (statements from one prisoner to another are "clearly" not testimonial).

The problem with this argument, however, begins with the fact that the *Crawford* Court explicitly declined to limit the Confrontation Clause to testimonial statements.

> Members of this Court and academics have suggested . . . . two proposals: First, that we apply the Confrontation Clause only to testimonial statements . . . . Second, that we impose an absolute bar to statements that are testimonial . . . .
>
> . . . .
>
> In [*White v. Illinois*, 502 U.S. 346, 352-53 (1992)], *we considered the first proposal and rejected it*. Although our analysis in this case casts doubt on that holding, we need not definitively resolve whether it survives our decision today . . . .

541 U.S. at 60-61 (emphasis added). Instead of adopting the first proposal, the Court adopted the second, *expanding* its prior Confrontation Clause doctrine (from *Ohio v. Roberts*, 448 U.S. 56 (1980), which, the Court complained, dispensed "with confrontation [where] testimony [was] obviously reliable") to "impose an absolute bar to statements that are testimonial." *Id.* at 61.

This did not change in *Davis v. Washington*, decided two years after *Crawford*, where the Supreme Court was faced with the question of whether certain statements made during a 911 call requesting help were testimonial. 547 U.S. 813, 826 (2006). Finding those statements non-testimonial, the Court declined to grant them Confrontation Clause protection. *Id.* at

828. But nowhere did the Court speak of an absolute Confrontation-Clause bar against all non-testimonial statements. Indeed, to this Court's knowledge, the Supreme Court has yet to *hold* that such a bar exists.[2]

Noting this, it is important to consider the full implications of the Government's argument. To say that it is "necessary to view *Bruton* through the lens of *Crawford* and [*Davis v. Washington*]," *see United States v. Figueroa-Cartagena*, 612 F.3d 69, 85 (1st Cir. 2010), is really to say there is no longer a *Bruton* rule. The First Circuit stated in *Figueroa-Cartagena* that "[t]he *threshold* question [in a *Bruton* situation] is whether the challenged statement is testimonial." 612 F.3d at 85 (emphasis added). But what question would follow this "threshold" one? If, under the Government's position, the statement was found to be non-testimonial, then it would not violate the Confrontation Clause to admit it. If the statement was found to be *testimonial*, however, then its admission would *automatically* violate the Confrontation Clause. *Crawford*, 541 U.S. at 69. *Bruton* has no place in this equation.

That is a problem in this Circuit because of *Truslow*. If this Circuit adhered to the notion that *Bruton* applied only to out-of-court *confessions*, instead of applying to potentially

---

[2] An arguable exception to this is a statement by the Court in *Whorton v. Bockting*, 549 U.S. 406 (2007). But as we explain on page 9, *infra*, that statement is clear dicta.

7

any out-of-court statements, then it would not matter if *Crawford* superseded *Bruton*, because confessions are testimonial. No beneficiaries of *Bruton* would be left out by *Crawford*. But *Truslow* dictates otherwise; it applies *Bruton* to statements that are clearly non-testimonial, and it remains good law.

The two Fourth Circuit cases cited by the Government in support of its Motion do nothing to change this. Neither even discusses *Bruton* (or *Truslow*), and neither limits the Confrontation Clause to testimonial statements.

The first, *United States v. Jordan*, 509 F.3d 191 (4th Cir. 2007), involved statements by an alleged co-conspirator to a friend, introduced against the defendant. *Id.* at 201. In finding no Confrontation Clause violation, the Fourth Circuit did not consider *Bruton* (not surprisingly, because the co-conspirator/declarant died before trial), and instead applied *Crawford*, finding that "the statements were non-testimonial and thus do not [implicate] *Crawford*." *Id.*

In a footnote, the Court "note[d] that any doubt left by *Crawford* as to the applicability of the Confrontation Clause to non-testimonial hearsay was dispelled by the Supreme Court's unanimous decision in *Whorton v. Bockting*." *Id.* at 201 n.5. The relevant text from *Bockting* states:

> "Under *Roberts*, an out-of-court nontestimonial statement not subject to prior cross-examination could not be admitted without a judicial

8

> determination regarding reliability. *Under Crawford, on the other hand, the Confrontation Clause has no application to such statements* and therefore permits their admission even if they lack indicia of reliability."

*Id.* at 413-14 (emphasis added). That statement strikes this Court as dicta for several reasons. First, it was wholly unessential to the Court's holding in the case--the sole question in *Bockting* was whether *Crawford* announced such a watershed new constitutional rule as to overcome *Teague v. Lane's* habeas corpus bar (it did not). *See id.* at 418; 489 U.S. 288 (1989). Second, the statement does not accurately reflect the relevant language of *Crawford*, which explicitly declined to impose such a rule. 541 U.S. at 60-61. And third, *Bockting* does not consider *Bruton* at all.

The Government's second Fourth Circuit case, *United States v. Udeozor*, 515 F.3d 260 (4th Cir. 2008), involved a series of recorded phone calls between the defendant's husband (and co-defendant) and a girl the defendants allegedly conspired to hold in involuntary servitude. The defendant argued that playing the tapes violated her Confrontation Clause rights. *Id.* at 268. The Court applied *Crawford's* testimonial analysis, finding that because the statements at issue were not testimonial, their admission did not violate the Confrontation Clause. *Id.* at 270 ("Because Mr. Udeozor plainly did not think he was giving any sort of testimony when making his statements

9

to the victim during the recorded telephone calls, the admission of these two taped conversations into evidence did not violate Dr. Udeozor's rights under the Confrontation Clause.").

The declarant in *Udeozor* was indeed a co-defendant, yet no *Bruton* argument was made in the case. And absent any discussion of *Bruton*, let alone *Truslow*, or any language barring non-testimonial evidence from Sixth Amendment coverage, it is difficult to read *Udeozor* as anything more than another application of *Crawford*.

More generally, this Court finds it highly unlikely that *Crawford* (a case that *expanded* the Confrontation Clause's application) would have eviscerated *Bruton* (a Confrontation Clause case that *Crawford* cited) so casually. But because of *Truslow's* interpretation of *Bruton*, that is precisely the finding this Court would have to take to adopt the Government's position. This Court is bound like all lower courts to apply Supreme Court precedent until the Supreme Court *explicitly* overrules that precedent. *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997). Perhaps *Truslow* interpreted Supreme Court precedent incorrectly, but absent word to the contrary,[3] this Court must apply it.

---

[3] This Court does not read *United States v. Locklear*, 24 F.3d 641 (4th Cir. 1994), as word to the contrary. There, in finding the Government's redactions sufficient to cure potential *Bruton* problems, the Court used the words "confession" and "statement" interchangeably. *Compare id.* at 645 ("In *Bruton*, the Supreme Court held that, where a nontestifying codefendant's

Therefore, because *Bruton* can apply to non-confessional statements in this Circuit, *see Truslow*, 530 F.3d at 263, and because *Crawford* did not limit the Confrontation Clause to testimonial statements, the statements at issue in this case may implicate *Bruton*.

### III. Conclusion

For these reasons, the Court finds that the statements at issue in this case *may* implicate *Bruton*, even if they are not testimonial under *Crawford*. The Court will therefore grant Defendants' Motions to Suppress; the Government will be allowed to offer the statements of each defendant only against the declarant, and not against the other two co-defendants.

```
                          _____/s/_____
September 23, 2010                James C. Cacheris
Alexandria, Virginia     UNITED STATES DISTRICT COURT JUDGE
```

---

*confession* implicates the defendant, a jury instruction is inadequate. . . .") (emphasis added), *with id.* at 646 ("A *Bruton* problem exists only to the extent that the codefendant's *statement* in question, on its face, implicates the defendant.") (emphasis added). In finding *Bruton* not implicated, the Court noted that the statement in that case was not confessional. *Id.* ("[The] statement hardly functions as a confession with respect to [the declarant] himself."). But the Court went on to find that "[e]ven less can it be said to suggest that [the defendant] engaged in any crimes. *Id.* The Court's overall question was whether the statement, "as redacted, can fairly be understood to incriminate [the defendant]." *Id.* This Court therefore reads *Locklear* to mean that the question of whether or not a statement is confessional is not dispositive of the *Bruton* inquiry, but is instead a possible ingredient in that inquiry. *Id.*