IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | |
| ) | 1:09cr414 (JCC) |
| Marvin Wayne Williams, Jr., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# M E M O R A N D U M   O P I N I O N

This matter is before the Court on the United States's (the "United States" or "Government") Motion to Quash Subpoena [Dkt. 101] Duces Tecum (the "Motion") issued November 19, 2010, to Claudia Conklin, Supervisor of Records for the Manassas City Police Department (the "MCPD"), and certain other subpoenas duces tecum issued to other law enforcement personnel. For the following reasons, and for those stated from the Bench in Open Court on December 1, 2010, the Court will grant the Government's Motion.

## I. Background

On December 10, 2009, a grand jury sitting in the Eastern District of Virginia returned a three-count indictment (the "Indictment") against Marvin Wayne Williams, Jr. (a/k/a "Lil' Wayne"), Freddie Wigenton (a/k/k "Lil' D"), and Deshawn

Anderson (a/k/a "Buddha") (collectively, "Defendants"). [Dkt. 4.] Count 1 charged the defendants with violating 21 U.S.C. § 841(a)(1) and 846 (conspiracy to distribute crack cocaine), Count 2 charged the defendants with violating 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 (intentional killing while engaged in drug trafficking), and Count 3 charged the defendants with violating 18 U.S.C. § 924(c)(1)(A) and (j), and 924(c)(2) (use of a firearm during a drug offense relating in death). *Id*. Joint trial is set for December 1, 2010.

On November 19, 2010, at the request of Defendant Anderson's counsel, the Clerk of the Court issued a subpoena duces tecum (the "Subpoena") to be served on Ms. Conklin, as the Supervisor of Records for the MCPD. [Dkt. 94.] The MCPD conducted the investigation that resulted in the Indictment, in the course of which it produced various investigative reports and other documents. (Mot. at 1.) The Subpoena commands Ms. Conklin to appear at trial on December 1, 2010, at 10:00 a.m., and requires her to bring "[a]ll documents, reports, statements, interviews, notes, evidence, etc. relating to Prince William County Police Dept. Case No.06-006630." (Mot. at 1.)

On November 30, 2010, the United States, through its attorneys, filed the Motion. [Dkt. 101.] On December 1, 2010, the Court heard the parties' oral argument with respect to the

Motion in a 9:30 a.m. hearing addressing certain pre-trial issues.

At oral argument, the United States informed the Court that additional subpoenas duces tecum identical to the Subpoena at issue here were issued by the Clerk of the Court to be served on various other law enforcement personnel from the MCPD and one from the Prince William County Adult Detention Center.[1] The United States seeks to quash those subpoenas on the same grounds raised in the Motion. Additionally, the United States clarified that the Motion applies only to the requirement that witnesses bring "[a]ll documents, reports, statements, interviews, notes, evidence, etc. relating to Prince William County Police Dept. Case No.06-006630" with them to trial, and not to the requirement that the witnesses appear at trial. The Motion, to the extent it applies to the document portions of the subpoenas, is now before the Court.

## II. Standard of Review

Federal Rule of Criminal Procedure 17 addresses subpoenas in criminal cases. Federal Rule of Criminal Procedure 17(c)(1) states: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to

---

[1] The Court's reasoning as to the Subpoena applies equally to each of the subpoenas identified in Open Court on December 1, 2010.

3

produce the designated items in court before trial or before they are to be offered in evidence."  Further, Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

There is no general Constitutional right to discovery in a criminal case.  *See Pennsylvania v. Ritchie*, 480 U.S. 39, 59-60 (1987).  The Supreme Court has emphasized that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms."  *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *see also United States v. Nixon*, 418 U.S. 638, 698 (1974) (internal citation omitted); *In re Grand Jury 87-3 Subpoena Duces Tecum*, 884 F.2d 772, 775 (4th Cir. 1989), rev'd on other grounds, 498 U.S. 292 (1991); *United States v. Schembari*, 484 F.2d 931, 936 (4th Cir. 1973).  In *United States v. Nixon,* the Supreme Court acted to avoid that result, adopting a test requiring that:

> to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is

>     made in good faith and is not intended as a
>     general 'fishing expedition.'

418 U.S. at 699-700. The Supreme Court noted that subpoenas duces tecum in criminal cases were "not intended to provide a means of discovery for criminal cases," but rather was innovated "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *Id.* at 698-99.

The trial court has discretion to grant a subpoena under Rule 17(c) for delivery before trial if the requesting party is able to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700; *see also United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997).

### III. Analysis

The United States requests that this Court quash the subpoenas because "[i]t is clear that [they are] not geared towards obtaining evidence that will be admissible at trial," and are instead "attempt[s] to end run the discovery procedures and requirements set forth in the Federal Rules of Criminal Procedure." (Mot. at 1.)

Based on the broad language contained in the Subpoena, it does not meet the standard set forth in *United States v. Nixon*. As stated above, a pre-trial subpoena duces tecum must be (1) relevant, (2) admissible, and (3) specific under the

5

*Nixon* test. 418 U.S. at 700. In this instance, the Subpoena fails to satisfy the "specificity" prong of the *Nixon* test. A request for "[a]ll documents, reports, statements, interviews, notes, evidence, etc. relating to Prince William County Police Dept. Case No.06-006630," (Gov. Mot at 1; Dkt. 4), is perhaps a paradigmatic example of a "fishing expedition." *See id*. This is not a veiled attempt to end-run the limited discovery mechanisms in the Federal Rules of Criminal Procedure; it is a run up the middle. As this Court has stated, "[t]he specificity requirement announced in *Nixon* is designed to ensure that the use of trial subpoenas is limited to securing the presence at trial of particular documents or sharply defined categories of documents." *United States v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va. 1993). "All documents and evidence in possession of the MCPD relating to the case," which is effectively what the Subpoena requests, is not limited to "particular" documents or "categories" of documents--it is everything. Accordingly, the Court finds the Subpoena must be quashed as insufficiently specific under the *Nixon* test.

Moreover, it should be noted that the Government has represented to this Court that it has complied and will continue to comply with the Court's Discovery Order [*see* Dkt. 35.] and that it has provided Defendants with all materials to which they are entitled by law.

6

## IV. Conclusion

For the foregoing reasons, the Court will grant the Government's Motion to Quash.

|  | /s/ |
|---|---|
| December 6, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |