IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MARVIN WAYNE WILLIAMS, JR. & DESHAWN ANDERSON, | ) ) ) |
| Petitioners, | ) ) |
| v. | ) 1:09cr414, 1:14cv364, 1:14cv60 ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioners Deshawn Anderson and Marvin Wayne Williams, Jr.'s (collectively "Petitioners") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. [Dkt. 251.] For the following reasons, the Court will deny Petitioners' motion.

**I. Background**

On June 30, 2009, the government filed a single-count juvenile information charging F.W. with the intentional killing of Kyle Turner during the course of a drug conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2, if he had been an adult, along with a Certification to Proceed Under the Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. § 5031 *et seq.* (Gov't's Opp. [Dkt. 264] at 2.) Approximately two weeks later, the government filed an identical juvenile

information charging D.A. with the same crime. (*Id.*) The government successfully petitioned this Court to transfer both individuals to adult criminal prosecution. (*Id.*)

On September 10, 2009 a grand jury returned a three-count indictment charging Freddie Wigenton and Deshawn Anderson with Conspiracy to Distribute Crack Cocaine ("Count 1"), Intentional Killing While Engaged in Drug Trafficking ("Count 2"); and Use of a Firearm in Connection with Conspiracy to Distribute Crack Cocaine ("Count 3"). [Dkt. 1.] Three months later, the grand jury returned a superseding indictment charging Wigenton, Anderson, and Marvin W. Williams, Jr. (collectively "Defendants") with the same three counts. [Dkt. 4.] Defendants were arraigned on January 8, 2010 and pleaded not guilty. [Dkt. 6.]

Defendants proceeded to trial by jury on December 1, 2010. [Dkt. 110.] The jury returned guilty verdicts on Counts 1 and 3 and a not guilty verdict on Count 2. [Dkt. 127.] Defendants filed various post-trial motions, which this Court denied on March 8, 2011. [Dkts. 155, 156.] This Court sentenced each defendant to 25 years imprisonment on Count 1 and 25 years imprisonment on Count 3, to run consecutively. [Dkt. 164.]

Defendants timely appealed. On August 3, 2012 the Fourth Circuit affirmed defendants' convictions and sentences in

an unpublished opinion. *United States v. Wigenton*, 490 Fed. App'x 557 (4th Cir. 2012). Defendants filed petitions for rehearing and rehearing en banc, which were denied on September 7, 2012. [Dkt. 223.] Each Defendant filed a petition for writ of certiorari to the Supreme Court. Wigenton's petition was denied on January 7, 2013; Anderson and Williams' petitions were denied on January 22, 2013. *Anderson v. United States*, 133 S. Ct. 990 (2013); *Williams v. United States*, 133 S. Ct. 990 (2013); *Wigenton v. United States*, 133 S. Ct. 916 (2013). Petitioners Anderson and Williams filed the instant motion and memorandum in support on January 22, 2014.[1] [Dkts. 251, 252.]

Petitioners have requested a hearing on their motion. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). Petitioners' motion is addressed below.

## II. Standard of Review

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner to challenge the

---

[1] Williams, on behalf of himself, Anderson, and Wigenton, moved to consolidate Defendants' forthcoming § 2255 motions. [Dkt. 248.] This Court granted the motion. [Dkt. 250.] It appears from the docket that Wigenton has decided to pursue his own § 2255 motion, raising slightly different arguments than Anderson and Williams. [Dkt. 254.] However, it appears that Anderson still wishes to have his motion consolidated. Therefore, the Court will consider Williams' § 2255 motion as a joint filing with Anderson. (*See* Objection by Anderson and Williams re: Gov't's Reply Motion [Dkt. 270].)

3

legality of his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of demonstrating grounds for relief by a preponderance of the evidence. *See Hall v. United States,* 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. *See In re Jones,* 226 F.3d 328, 332–33 (4th Cir. 2000) ("'[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus[.]'" (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974))). The existence of the right to pursue a collateral attack, however, does not displace a direct appeal as the "usual and customary method of correcting trial errors." *United States v. Allgood,* 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). Consequently, claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are procedurally barred from review under § 2255. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998). "Where a defendant

4

has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

Though failure to raise an issue on direct appeal may result in procedural default, a habeas petition is not an opportunity to re-litigate claims that were decided on direct appeal. Absent an intervening change in the law, issues fully considered on direct appeal may not be revisited on collateral review. *Boeckenhaupt v. United States,* 537 F.2d 1182, 1183 (4th Cir.1976).

### III. Analysis

Petitioners raise three arguments in support of their motion. First, they argue that the Fair Sentencing Act should have been applied retroactively to their case. Second, they argue the application of Sentencing Guideline 2A1.1 to Counts 1 and 3 violated the Sixth Amendment per the Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Third, they argue their convictions under 18 U.S.C. § 924(j) are unconstitutional. In their reply to the government's opposition, they also argue the indictment is duplicitous. Each argument will be considered in turn.

**A. Application of the Fair Sentencing Act**

Petitioners argue that the Fair Sentencing Act of 2010 ("FSA") would "have a pronounced effect" on their sentences on Count 1. (Pets.' Mem. at 3.) Petitioners correctly point out that prior to the amendment, the statutory sentencing range for Petitioners' conspiracy charge was ten years to life. (*Id.*; Pub. L. No. 110-425, § 3(e), (f), 122 Stat. 262, 270 (2008).) After the passage of the FSA, the statutory range is five years to forty years. (*Id.*; 21 U.S.C. 841(b)(1)(B)(viii).) Petitioners argued at sentencing that the FSA should apply retroactively, as the charged conduct pre-dated the FSA but their sentencing took place after the FSA's effective date of August 3, 2010. (Pets.' Mem. at 2.) The government opposed this, citing the savings clause. (*Id.*) This Court declined to retroactively apply the FSA and sentenced Petitioners using the 10 year to life statutory range. (*Id.*; *see* Sentencing Tr. [Dkt. 212] at 33.) Petitioners received a 25 year sentence for Count 1. [Dkt. 164.]

Petitioners now move to have their sentence corrected after the Supreme Court's decision in *Dorsey v. United States*. In *Dorsey*, the Supreme Court considered "whether the Act's more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010 but were not sentenced until after August 3." 132 S.Ct. 2321, 2326 (2012). The Supreme Court held that the new, more lenient mandatory minimums

6

did apply to pre-Act offenders. *Id.* In *Dorsey*, which consolidated two separate cases, one of the petitioners received a ten year sentence on the district court's belief that the FSA was not retroactive. *Id.* at 2339. Had the act been retroactive, the judge would have sentenced the first petitioner to the five year minimum based on the drug quantity. *Id.* The second petitioner would have faced a ten-year mandatory minimum before the FSA, but would not have been subject to a mandatory minimum after the FSA. *Id.*

Petitioners' argument appears to be that had the new statutory range been in effect, the Court would have given them a lower sentence than what they received. Therefore, this does not appear to be a challenge to the illegality or unconstitutionality of the sentence imposed and as such is not cognizable as a claim in a § 2255 proceeding. *See Coleman v. United States*, Crim. No. 09-83-SLR, Civ. No. 11-282-SLR, 2014 WL 1247074, at *5-6 (D. Del. Mar. 25, 2014) (stating that petitioner's argument that FSA was retroactive was not a challenge to the legality or constitutionality of his sentence and therefore could not be brought in a § 2255 proceeding). Nor could the claim be construed as a motion to modify an imposed term of imprisonment under 18 U.S.C. § 3582(c), as the guidelines range for Petitioners' offense level (43) has remained unchanged. (Gov't's Opp. at 5.)

However, even if this was an appropriate claim for this proceeding, Petitioners' arguments are unavailing. Petitioners received variant sentences of twenty-five years on Count 1, which is significantly lower than even the forty-year statutory maximum permitted by the FSA. Furthermore, the Court's evaluation of the factors under 18 U.S.C. § 3553(a) remains unchanged from the original sentencing. (*See* Sentencing Tr. at 62-65, 72-76.) Therefore, Petitioners' claim that the FSA should apply retroactively to their sentences is denied.

**B. Application of U.S.S.G. § 2A1.1**

Petitioners argue that it was contrary to the Sixth Amendment for the Court to apply the cross-reference for murder under Sentencing Guideline 2A1.1. According to Petitioners, the first degree murder finding by the Court increased the range of punishment and therefore violated the Sixth Amendment. In support they cite to *Alleyne v. United States*, in which the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. *Alleyne*, 133 S. Ct. at 2155.

There are two reasons why *Alleyne* does not apply here. First, the Court resolved *Alleyne* on direct appeal, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. Only the Supreme

Court has the power to decide whether a particular rule applies retroactively. It has not squarely addressed this issue. However, courts that have considered whether *Alleyne* is retroactive have reasoned that it is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Supreme Court has decided that other rules based on *Apprendi* do not apply retroactively on collateral review. Therefore, these courts, including one which was affirmed by the Fourth Circuit in an unpublished per curiam order, have declined to apply *Alleyne* retroactively. *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Harris v. United States*, No. 5:07-CR-00006, 2013 WL 4882227, at *2-3 (S.D.W. Va. Sept. 12, 2013); *Muhammad v. Purdue*, No. 5:12cv129, 2013 WL 4508870, at *4 (N.D. W. Va. Aug. 23, 2013) (collecting cases from other circuits), *aff'd*, 551 Fed. App'x 75 (4th Cir. 2014); *Ward v. United States*, No. 1:02-CR-00063-MR-1, 2013 WL 4079267, at *2 (W.D.N.C. Aug. 13, 2013); *Sanders v. Wilson*, No. 1:13cv892, 2013 WL 3991469, at *2-3 (E.D. Va. Aug. 2, 2013).

Second, even if *Alleyne* were retroactive, it would not apply here. The Supreme Court's holding in *Alleyne* stated that "facts that increase mandatory minimum sentences must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2163. The application of Sentencing Guideline 2A1.1 does not involve the application of a mandatory minimum. Furthermore, Count 3 of the

9

superseding indictment charged Petitioners with "use of a firearm during a drug offense resulting in death." [Superseding Indictment [Dkt. 4] at 7.) The jury, in convicting on Count 3, found beyond a reasonable doubt that there was an intentional killing as a result of using a firearm during a drug offense. (*See* Jury Charge Tr. [Dkt. 199] at 22-24; *see also Wigenton*, 490 Fed. App'x at 562-63.)

Finally, the Supreme Court was clear about what *Alleyne* holding did not encompass. "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Alleyne*, 133 S.Ct at 2163; *see also Apprendi*, 530 U.S. at 481 ("[N]othing in this history suggests that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment <u>within the range</u> prescribed by statute.") (emphasis in original); *United States v. Tucker*, 404 U.S. 443, 446 (1972) (stating judges may exercise sentencing discretion through "an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come").

Here, Petitioners received a sentence within the range supported by the jury's verdict. Petitioners' sentencing did

not involve the application of a fact not found by a jury that increased the mandatory minimum. Therefore, even if *Alleyne* was retroactive, it would not apply on the merits to Petitioners' case.

   **C. Challenges to 18 U.S.C. § 924(j)**

   Though Petitioners couch their arguments here in terms of the constitutionality of 18 U.S.C. § 924(j), their arguments are better understood as two separate challenges Count 3. First, Petitioners allege the indictment was "duplicitous" in that Count 3 combines several statutes (18 U.S.C. § 924(j)(1), 18 U.S.C. § 1111, 21 U.S.C. § 841(b)(1)(A)(iii), and 18 U.S.C. § 924(c)) into one count. Second, Petitioners argue the elements of 924(j) must be submitted to a jury and were not here in violation of *Alleyne*.

   Both of Petitioners' arguments fail. As to their duplicity argument, Petitioners failed to raise this claim either at trial or on direct appeal and have not surmounted the burden required to escape procedural default. Therefore, this claim is procedurally defaulted. However, even if it were not defaulted, the result would remain unchanged. "An indictment is impermissibly duplicitous where it combines two or more distinct crimes into one count in contravention of Federal Rule of Criminal Procedure 8(a)'s requirement that there be a 'separate count for each offense' and 2) the defendant is prejudiced

thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001). Count 3 of the indictment clearly charges one offense, the use of a firearm in furtherance of a drug offense resulting in death. (Superseding Indictment at 7.)

Turning to their contention that the elements of 924(j) were not submitted to the jury in violation of *Alleyne*, Petitioners' claim also fails. As noted earlier, *Alleyne* is not retroactive. Furthermore, even if *Alleyne* were to apply, the elements of 924(j) were submitted to the jury. *See Wigenton*, 490 Fed. App'x at 562-63 (stating that the court charged that to establish the first element of Count 3, the government would need to show that Petitioners "committed the crime of using a firearm in connection with the conspiracy to distribute crack cocaine *resulting in death as identified in counts one, two, and three of the superseding indictment*.").

To the extent that Petitioners' challenge is one of error in the jury instructions, the claim must also be denied. Petitioners have not shown cause as to why their failure to challenge the jury instructions on the 924(j) should be excused, nor can they meet the "significantly higher hurdle than would exist on direct appeal" demonstrating actual prejudice from such failure. *United States v. Frady*, 456 U.S. 152, 167 (1982) (defining prejudice as "'whether the ailing instruction by itself so infected the entire trial that the resulting

conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned.'") (quoting *Henderson v. Kibbe*, 431 U.S. 145, 154 (1973)). Therefore, Petitioners' challenge to 18 U.S.C. § 924(j) is also denied.

## IV. Conclusion

For the reasons set forth above, the Court will deny Petitioners' motion. An appropriate order will follow.

|  | /s/ |
|---|---|
| December 2, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |