IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MARVIN WAYNE WILLIAMS, JR. & ) | |
| DESHAWN ANDERSON, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | 1:09cr414, 1:14cv364, 1:14cv60 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioners Deshawn Anderson and Marvin Wayne Williams, Jr.'s (collectively "Petitioners") Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Motion to Supplement the Record with Pertinent Case Law/Judicial Notice and Amendment Pursuant to Rule 15 of the Federal Rules of Civil Procedure.  [Dkts. 277, 281.]  For the following reasons, the Court will deny Petitioners' motions.

**I. Background**

Familiarity with the facts is presumed.  (*See* 12/2/14 Mem. Op. [Dkt. 272].)  As relevant here, a superseding indictment charged Freddie Wigenton ("Wigenton"), Deshawn Anderson ("Anderson"), and Marvin Williams ("Williams") with Conspiracy to Distribute Crack Cocaine ("Count 1"), Intentional

1

Killing While Engaged in Drug Trafficking ("Count 2"); and Use of a Firearm in Connection with Conspiracy to Distribute Crack Cocaine ("Count 3"). [Dkt. 4.]

Defendants proceeded to trial by jury on December 1, 2010. [Dkt. 110.] The jury returned guilty verdicts on Counts 1 and 3 and a not guilty verdict on Count 2. [Dkt. 127.] After exhausting their appeals, Anderson and Williams (collectively "Petitioners") filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. [Dkts. 251, 252.] The Court denied the motion on the merits. (12/2/14 Mem. Op.)

Petitioners[1] then filed the instant two motions. In the first, Petitioners ask this Court to amend its judgment denying their § 2255 motion. (Pets.' Mot. to Alter or Amend Judgment [Dkt. 277] at 1.) The government was directed to respond [Dkt. 278] and filed an opposition to Petitioners' motion. (Gov't's Opp. [Dkt. 279, 280].) In their Motion to Supplement the Record with Pertinent Case Law/Judicial Notice, Petitioners seek to supplement their pending Rule 59(e) motion. (Pets.' Mot. to Supplement [Dkt. 281] at 1.)

---

[1] The case caption on the top of both motions lists both Petitioners. However, only Williams signed the motion. (Pets.' Mot. to Amend Judgment at 7; Pets.' Mot. to Supplement at 7.).) In the Memorandum Opinion denying Petitioners' § 2255 motion, the Court noted that it would consider Williams's § 2255 motion as a joint filing with Anderson. (12/2/14 Mem. Op. at 3 n.1.) The Court will continue to do so for the purposes of the instant motions.

## II. Standard of Review

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner to challenge the legality of his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of demonstrating grounds for relief by a preponderance of the evidence. *See Hall v. United States,* 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

Second or successive § 2255 motions require pre-filing authorization from the Court of Appeals before they may be considered by the district court. 28 U.S.C. § 2255(h). The Court of Appeals may grant the district court permission to hear a successive application if: (1) the claim is based on a new rule of constitutional law that applies retroactively; or (2) the claim is predicated on facts that could not have been previously discovered and those facts demonstrate clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the offense. *Id.* Absent pre-filing authorization, a district court lacks jurisdiction to

consider the claims. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

### III. Analysis

Petitioners' Rule 59(e) motion argues that the Court made a "clear error of law" in considering whether the Fair Sentencing Act ("FSA") applied to their case. (Pets.' Rule 59(e) Mot. [Dkt. 277] at 4-5.) They also argue that they received ineffective assistance of appellate counsel. (*Id.* at 4-7.) In their Rule 15 motion, Petitioners also raise an additional issue: whether the Eighth Amendment prohibits the imposition of a fifty-year term equating to life for a juvenile offender for a homicide offense. (Pets.' Rule 15 Mot. [Dkt. 281] at 2.) Of these arguments, only those pertaining to the FSA were raised in Petitioners' original § 2255 petition. (*See* 12/2/14 Mem. Op. at 5-8.)

The Court believes it lacks jurisdiction to consider Petitioners' motions because they are successive petitions filed without authorization from the Court of Appeals for the Fourth Circuit ("Fourth Circuit"). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places limitations on prisoners' abilities to file post-judgment challenges to their collateral proceedings. Motions directly attacking prisoners' convictions or sentences, no matter how captioned, are successive collateral review applications. *Calderon v.*

*Thompson*, 523 U.S. 538, 553 (1998); *Winestock*, 340 F.3d at 206. In *United States v. Winestock*, the Fourth Circuit held that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the application to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application." *Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). While noting that not all Rule 60(b) motions must be treated as successive applications, the Fourth Circuit stated that the "proper treatment of the motion depends on the claims presented." *Id.*

> There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence. By contrast, an example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings.

5

*Id.* at 207 (citations omitted).

Though *Winestock* considered the interaction between Rule 60(b) motions and § 2255, other district courts in this circuit have applied *Winestock*'s "straightforward guide" to determine that a Rule 59(e) motion is a successive petition under § 2255. *See Stewart v. United States*, Nos. 3:08CV487-3-W, 3:05CR104-5-W, 2008 WL 4980388, at \*2-3 (W.D.N.C. Nov. 24, 2008) (citing *Winestock* and noting other circuits have created a bright-line rule that Rule 59(e) motions are successive petitions under AEDPA); *Sanders v. United States*, Civil Nos. 1:08CV199-02, 1:06CR30-01, 2008 WL 4540045, at \*2-3 (W.D.N.C. Oct. 7, 2008); *Moore v. United States*, No. Civ.A. 2:05CV244, CRIM.A.2:02cr225, 2006 WL 763656, at \*1 (E.D. Va. Mar. 23, 2006).

Here, Petitioners' Rule 59(e) motion and subsequent Rule 15 motion are directly attacking their sentences. Though Petitioners claim this Court made a clear error of law in ruling on the FSA arguments in their § 2255 petition, they raise the same arguments in support. And they raise two new grounds attacking their sentences that were not included in their original § 2255 petition. Thus, it appears that the Rule 59 and Rule 15 motions are relitigating claims already presented as well as presenting new grounds that were not previously raised in their first application. *See Winestock*, 340 F.3d at 205.

Therefore, absent pre-filing authorization from the Fourth Circuit, this Court lacks jurisdiction to consider the Rule 59 and Rule 15 motions.

However, even if the motions are not considered successive petitions under AEDPA, the Court would still deny the motion under the Rule 59(e) standard. Departing from a previous ruling is within the sole discretion of the district court "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (citation omitted). These circumstances "rarely arise and the motion to reconsider should be equally rare." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). As there is no intervening change in the law or new evidence now before the Court, the Court would only reconsider the previous order to correct a clear error of law or prevent manifest injustice. Such motions for reconsideration may not "reargue the facts and law originally argued in the parties' briefs." *Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997)) (citing *Pacific Ins. Co. v. Am. Nat'l Fire. Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("The Rule 59(e) motion may not be used to relitigate

7

old matters.")).  Stated differently, it is inappropriate for the Court to "reevaluate the basis upon which it made a prior ruling," especially when it appears the motion "merely seeks to reargue a previous claim."  *DynCorp Int'l, LLC*, 17 F. Supp. 3d at 541 (quoting *Smithfield Foods*, 969 F. Supp. at 997).

Here, Petitioners' Rule 59 motion merely restates previous arguments on the applicability of the FSA.  Therefore, altering or amending the judgment would not be appropriate given that Petitioners' motion merely "rehash[es] arguments previously presented."  *Moore*, 2006 WL 763656, at *1.  The two new grounds raised in the motion – ineffective assistance of appellate counsel and whether Petitioners' sentences run afoul of the Eighth Amendment – were not raised or decided in the first § 2255 petition.[2]  Therefore, with respect to these arguments, there is nothing to amend or alter, because there was no judgment on these arguments.  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) ("[A] postjudgment motion will be considered a Rule 59(e) motion where it involves reconsideration

---

[2] The Court assumes that the Eighth Amendment argument was submitted as an amendment to Petitioners' Rule 59 motion based on the caption of that motion.  (*See* Pets.' Rule 15 Motion at 1 ("Petitioners . . . submits [sic] the instant motion to supplement the record with pertinent case law/judicial notice and amendment of the pending Motion to Amend under Rule 59(e) under Rule 15 of the Federal Rules of Civil Procedure.").)  If the Rule 15 motion is intended to be an independent motion, then, as noted earlier, this Court lacks jurisdiction to consider the merits because it is a second or successive petition for which no pre-filing authorization has been issued.

of matters properly encompassed in a decision on the merits.") (citation and internal quotation marks omitted); *see Moore*, 2006 WL 763656, at *2 (declining to consider additional grounds raised in Rule 59(e) motion to amend judgment on § 2255 claim because the petition was successive). Therefore, even if the Rule 59(e) motion and amendments to it were not successive petitions, this Court would deny the motions on the merits.

### IV. Conclusion

For the reasons set forth above, the Court will deny Petitioners' motions. An appropriate order will follow.

|  |  |
|---|---|
| March 4, 2015<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |